IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEVEN LEE MCDANIEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:25-CV-337 (MTT) |
| CHOO WOO WOO, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff Steven Lee McDaniel has moved for default judgment on his claims against defendants KW International, Inc., KW Transportation, Inc., and Ace American Insurance Company.[1] ECF 10. In response, the defendants have moved for leave to file out-of-time answers. ECF 12. For the following reasons, McDaniel's motion for default judgment (ECF 10) is **DENIED** and the defendants' motion for leave to file out-of-time answers (ECF 12) is **GRANTED**.

## I. BACKGROUND

McDaniel filed this action in the State Court of Baldwin County on April 15, 2025. ECF 1-1 at 41. McDaniel asserts a negligence claim against the defendants for damages sustained during a motor vehicle accident. *Id.* at 31-41. Defendants Ace

---

[1] McDaniel has been unable to locate and serve defendant Choo Woo Woo. Thus, McDaniel has moved to dismiss his claims against Woo without prejudice pursuant to Rule 41(a)(2) of the federal rules of civil procedure. ECF 15. McDaniel's motion to dismiss Woo (ECF 15) is **GRANTED**, and McDaniel's claims against Woo are **DISMISSED without prejudice**.

American Insurance Company and KW International were served on April 25, 2025. *Id.* at 24, 68. KW Transportation was served on May 21. *Id.* at 73.

On May 21, the parties filed their first of three stipulated extensions, giving the defendants until June 23 to answer. *Id.* at 70. On June 23, the parties stipulated a second time to extend the defendants' time to answer until July 21. *Id.* at 74. On July 11, McDaniel sent the defendants a demand, seeking $375,000. ECF 1 ¶ 3. On July 21, the parties filed their third stipulation to extend the defendants' responsive pleading deadline until August 21. ECF 1-1 at 80. On August 11, ten days before their answer was due, the defendants filed their notice of removal. ECF 1.

Despite three extensions, the defendants failed to file their answers by the August 21 deadline. McDaniel, however, did not initially apply for the entry of default. Thus, on September 3, the Court ordered McDaniel to show cause why the action should not be dismissed for failure to prosecute. ECF 8. In response, on September 10, McDaniel applied to the Clerk of Court for the entry of default. ECF 9. Default was entered the next day. On September 15, McDaniel moved for default judgment as to KW International, KW Transportation, and Ace American Insurance. ECF 10. That day, the defaulting defendants moved for leave to file an out-of-time answer. ECF 12.

## II. STANDARD

At a party's request, and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend claims. Fed. R. Civ. P. 55(a), 55(b)(2). Entry of default judgment is committed to the discretion of the Court. *Hamm v. Dekalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) (citations omitted). "The [C]ourt may set aside an entry of default for good cause," and

the Court may also deny a motion for default judgment and grant a request to file an untimely answer for good cause. Fed. R. Civ. P. 55(c); *see Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014) ("Perez was entitled to have her motion to file an out-of-time answer to the counterclaim considered under our 'good cause' standard applicable to setting aside a default rather than under the 'more rigorous,' 'excusable neglect' standard.") (citation omitted)[2]. The defaulting party bears the burden of establishing good cause. *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).

"Good cause is a mutable standard, varying from situation to situation," but factors for courts to consider include the following: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quotation marks and citations omitted). Courts should not find that good cause exists if the defaulting party "demonstrates an intentional or willful disregard of the judicial proceedings." *Perez*, 774 F.3d at 1337 n.7. In light of the Eleventh Circuit's "strong policy of determining cases on their merits," however, default judgments "are generally

---

[2] The defendants argue both that their failure to timely answer the complaint is "excusable neglect" and, thus, they should be granted leave to file out-of-time answers under Rule 6(b) of the Federal Rules of Civil Procedure and, in the alternative, that their failure to timely answer is good cause under Rule 55(c). ECF 12 at 5-8; 8-9. It is a mystery why the defendants invoke Rule 6(b)(1)(B)'s more exacting and rigorous "excusable neglect" standard to set aside the default. In any event, Rule 55(c)'s "good cause" standard is the proper standard to apply in addressing a motion to set aside an entry of default. *Perez*, 774 F.3d at 1339.

disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quotation marks and citation omitted).

### III. DISCUSSION

McDaniel asserts several arguments why the defendants have not carried their burden of demonstrating good cause to reopen the default. McDaniel first contends that the removal timeline reveals the defendants' culpability. ECF 16 at 11. Specifically, McDaniel states that the following is evidence of culpability: the defendants' three stipulated extensions; the fact that the stipulated extensions resulted in removal by the defendants; the defendants' failure to answer within the final stipulated deadline; and the defendants' delay in moving to file out-of-time answers. *Id.* at 11-12. With regard to their failure to timely answer, the defendants state that their lapse was due to a "good faith calendaring error during the transition from the state to federal court after removal." ECF 12 at 7. The defendants also argue that Rule 81(c)(2), which governs the timing of answers after removals, created ambiguity surrounding the answers' due date. *Id.* at 6.

The record suggests that the defendants lured McDaniel into settlement discussions not to settle, but rather to establish the requisite amount in controversy for removal. Then, when they got the demand letter they wanted, they botched it. It is tempting to invoke the well-established principle: "You made this bed; now lie in it." But given the forgiving standard of Rule 55, that would be a mistake.

On this record, the Court cannot find that the defendants' failure to timely answer was culpable or an "intentional or reckless disregard for the judicial process." *Surtain*, 789 F.3d at 1244-45; *Compania*, 88 F.3d at 951-52. While the defendants did not immediately act in response to the Court's September 3, 2025 show cause order, they

acted to cure their default within four days of the Clerk's entry of default and the same day that McDaniel moved for default judgment. Thus, the record does not demonstrate a delay in response that rises to the level of culpability. *Compare Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App's 729, 732 (11th Cir. 2016) (affirming the district court's denial of a motion to reopen when there was a two-month delay that was admittedly a litigation strategy) *with Auto Owners Ins. Co. v. Sapp*, 2017 WL 6210317, at *1 (M.D. Ga. Jan. 10, 2017) (finding no culpability because "[b]oth parties corrected their error within three days of Plaintiff's Motions for Entry of Default."). Moreover, the record shows that only the defendants' counsel, and not the defendants themselves, were responsible for the failure to timely answer. *See Perez v. Wells Fargo*, N.A., 774 F.3d 1329, 1339 (11th Cir. 2014) (considering whether the defendant or its attorney was responsible for the default). "[U]nder Rule 55(c)'s more forgiving 'good cause' standard as opposed to the more exacting Rule 6(b)(1) standard" for "excusable neglect," the Court finds that the failure to timely answer was not culpable or willful. *Id.* at 1339.

      Next, McDaniel argues that the defendants have failed to satisfy the "meritorious defense" factor because they merely state what their defenses are without providing specific facts to demonstrate the merits of their defense. ECF 16 at 12. The defendants state that they "assert meritorious defenses, including comparative negligence, sudden emergency, causation, and failure to mitigate, and to preserve the process and service defenses that were expressly reserved in the stipulations." ECF 12 at 8. However, the defendants do not provide facts that demonstrate how each potential defense has merit. *See Bibb County School District v. Dallemand*, 2019 WL 2492281, at *3 (M.D. Ga. June 13, 2019) ("A defaulting party's mere 'bald assertions' that it had a meritorious defense is not sufficient.") (citation modified)). But meritorious defenses are effectively manifest

in negligence cases, involving, as they invariably do, factual disputes of liability, causation, and, at the very least, general damages. In any event, a meritorious defense is just one factor a court may evaluate when determining whether good cause exists to set aside the clerk's entry of default. *See Sherrard v. Macy's System and Technology, Inc.*, 724 F. App'x 736, 739 (11th Cir. Feb. 5, 2018) (explaining that the "good cause analysis does not require that each factor be satisfied"); *Compania*, 88 F.3d at 951 ("'[G]ood cause' is not susceptible to a precise formula.").

McDaniel believes that the defendants argue that McDaniel would not be prejudiced because Woo, who has not been served, can still contest liability. ECF 16 at 9. McDaniel responds that Woo can't be found, can't be sued, and won't be around to contest liability, and thus the premise for the defendants' argument fails. *Id.* McDaniel is right, but still, the prejudice would be that McDaniel would have to prove his case, and that is not prejudice. *See Sherrard*, 724 F. App'x at 738 ("[T]here is no prejudice in requiring a plaintiff to prove his or her case.").

McDaniel also argues he is prejudiced because he "has been forced to expend the time and resources pursuing default against the Defaulting Defendants due to their inaction," which he contends has caused "inexcusable delay." ECF 16 at 10. But McDaniel does not state what, if any, prejudice has occurred or will occur as a result of the delay. And as other courts in this Circuit have held, "simple delay is insufficient for prejudice." *Coniglio v. Bank of America, NA*, 638 F. App'x 972, 975 (11th Cir. 2016) (reversing the denial of a motion to set aside default judgment); *see Edwards v. Sunshine Recycling*, LLC, 2009 WL 10698679, at *4 (N.D. Ga 2009) ("In deciding whether to set aside a default, delay alone is an insufficient basis for establishing prejudice.").

In sum, given Rule 50(c)'s lenient good cause standard and the Eleventh Circuit's preference for deciding cases on the merits, the Court concludes that the defendants have shown good cause to reopen the default. Accordingly, McDaniel's motion for default judgment (ECF 10) is **DENIED**, and the defendants' motion to set aside the entry of default (ECF 12) is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, McDaniel's motion for default judgment (ECF 10) is **DENIED**, and the Defendants' motion to set aside the entry of default and request to file an answer out of time (ECF 12) is **GRANTED.** The Clerk of Court is hereby directed to **VACATE** the entry of default as to the Defendants. The Defendants **SHALL** file their answers within **SEVEN DAYS** of the entry of this order.

**SO ORDERED**, this 22nd day of January, 2026.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT